# K<small>ATZ</small>M<small>ELINGER</small>

370 L<small>EXINGTON</small> A<small>VENUE</small>, S<small>UITE</small> 1512
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10017
www.katzmelinger.com

Adam Sackowitz  
Katz Melinger PLLC

t: 212.460.0047  
f: 212.428.6811  
ajsackowitz@katzmelinger.com

November 25, 2024

**V<small>IA</small> ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** *Hernandez v. Sun Fish Inc. et al.*
     **Civil Action No. 1:23-cv-1246**

Your Honor:

  Our office represents Plaintiff Leonel Gonzalez Hernandez in the above-captioned matter. We write jointly with counsel for Defendants pursuant to the Order dated November 4, 2024, which directed the parties to update the Court as to the status of Defendant Jun Kim's ability to sit for deposition and of Defendants' responses to Plaintiff's outstanding discovery requests.

  On November 7, 2024, Defendants' counsel shared with our office a letter from Mr. Kim's physician dated November 5, 2024. The letter expressed that Mr. Kim is currently unable to appear for a deposition, and provided no timetable for when, if ever, Mr. Kim would be able to do so. After reviewing this letter, counsel for the parties conferred by telephone and agreed that, given the uncertainty surrounding Mr. Kim's recovery, this action should proceed without Mr. Kim's deposition testimony. Defendants' counsel also confirmed that Defendants do not have any other witnesses who can testify as to the claims and defenses in this action.

  Previously, on May 16, 2024, Plaintiff's counsel wrote to Defendants' counsel identifying certain alleged deficiencies in Defendants' discovery responses and document production. On June 6, 2024, Defendants' counsel responded and produced a few additional documents. On June 7, 2024, Plaintiff's counsel advised Defendants' counsel in writing that Defendants had failed to adequately address many of the alleged deficiencies in Defendants' discovery responses. Copies of the aforementioned letters are attached as **Exhibit 1**.

  In the days that followed, counsel for the parties communicated further about the outstanding discovery items, but shortly thereafter learned that Mr. Kim had been hospitalized. Due to his medical condition, Mr. Kim has been unable to participate in discovery since that time and will be unable to supplement Defendants' previous responses to Plaintiff's discovery demands.

Honorable Peggy Kuo<br>
November 25, 2024<br>
Page 2

Among the documents and information that Defendants have not produced are the following:

- Documents identifying the current and former owners of Defendant K&S Fish Inc.;
- The dates on which Plaintiff provided services to each of the corporate defendants;
- The terms of the alleged agreement under which Plaintiff took an ownership interest in one or more of the corporate defendants for the period of October 2020 to October 2021;
- Documents and/or a description of how Defendants calculated Plaintiff's compensation from October 2020 to October 2021 (the period in which Plaintiff was paid monthly in varying amounts), and the gross sales of each corporate defendant during that period; and
- The names and contact information of any person, other than Mr. Kim and Plaintiff, who witnessed any of the claims alleged by Plaintiff.

These outstanding items, particularly as to Plaintiff's alleged ownership of one or more of the corporate defendants and his compensation between October 2020 and October 2021, are important pieces of discovery which have not been produced by Defendants and which Plaintiff cannot otherwise obtain. While Plaintiff certainly sympathizes with Mr. Kim and his medical condition, Plaintiff also should not be prejudiced at trial by having to refute defenses and allegations raised by Defendants for which Plaintiffs have not been afforded an opportunity to fully scrutinize through the discovery process.

In light of the foregoing, Plaintiff respectfully requests that the Court:

- Order Defendants to produce all outstanding discovery by December 31, 2024;
- For any information or documents that Defendants fail to produce by that date, preclude Defendants from introducing any such evidence at trial, including testimony related to any such outstanding discovery items, unless Defendants produce such discovery at least 90 days before the date on which the trial in this matter is scheduled to begin; and
- Preclude Defendants from calling Mr. Kim or any other witness at trial unless Mr. Kim or any other such witness appears for a deposition at least 60 days before the date on which the trial in this matter is scheduled to begin.

We thank the Court for its attention and consideration.

Respectfully submitted,<br><br>
Adam Sackowitz

Enclosure